O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KHERAH MOUSSA,                    )      CASE NO. CV 10-09647 RZ
                                  )
                   Plaintiff,     )
                                  )      MEMORANDUM OPINION
          vs.                     )      AND ORDER
                                  )
MICHAEL J. ASTRUE, Commissioner   )
of Social Security,               )
                                  )
                   Defendant.     )
_____ )

Plaintiff asserts that she was not fully apprised of her right to counsel in connection with her disability application, but acknowledges that, even if so, she must demonstrate resulting prejudice. *See Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981). She asserts that the prejudice manifested itself in the fact that the record was not developed adequately. While it appears that Plaintiff *was* clearly told of her right to have counsel, it is even more clear that Plaintiff has not shown any prejudice of the sort that she claims.

An administrative law judge is under an obligation to develop the record, and to develop it further if the record is ambiguous or insufficient to assess for the making of a decision. *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). In this Court, Defendant points out that the Administrative Law Judge *did* develop the record, first continuing the hearing [AR 24] and then requesting [AR 147] and receiving records. [AR186-98, 231-42] Plaintiff does not

contest this statement, but quotes a letter from Plaintiff's doctor and then asserts simply that "there is no indication the ALJ obtained the mental health treatment records from La Puente Valley Mental Health Center since the date of Plaintiff's initial assessment at the clinic in 2007. [AR 18]" (Plaintiff's Memorandum in Support of Complaint 7:8-11).  But the very letter Plaintiff quotes indicates that she sees the doctor for medication management, and the records for such medications were submitted (as well as summarized in the quoted letter.)  Moreover, Plaintiff points to no other records that exist but were not obtained, questions that might have been asked but were not, or experts who might have been called but were not.  Plaintiff has done nothing to support her position before the Court.  Every indication is that the Administrative Law Judge did exactly what the law requires.

The claims Plaintiff asserts have no merit.  The decision of the Commissioner is affirmed.

DATED:  January 11, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE